**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| SHIRLEY PEEBLES, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| AXCESS RECOVERY AND CREDIT § | |
| SOLUTIONS, INC., and § | |
| CHECK 'N GO OF TEXAS, INC., § | |
| Defendants. § | |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1. This is an action for damages brought by Plaintiff, Shirley Peebles ("Plaintiff"), an individual, for violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the similar state law, TEX. BUS. & COM. CODE § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendants' violations, and to have an Order or injunction issued by this Court preventing Defendants from persisting in their violative behaviors.

3. Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

6. Plaintiff, Shirley Peebles, is a natural person residing in the State of Texas, County of Galveston, and City of Bacliff.

7. Defendant Axcess Recovery and Credit Solutions, Inc. ("Axcess") is an entity which at all relevant times was engaged, by use of telephone, in the business of attempting to collect a "debt", as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

8. Axcess is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

9. Defendant Check 'N Go of Texas, Inc. ("Check 'N Go") is an entity which at all relevant times was engaged, by use of telephone, in the business of attempting to collect a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

10. Check 'N Go is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due.

12. In connection with the collection of a alleged debt belonging to one "John Rogers" (the "Debt"), Check 'N Go of Texas, Inc. ("Check 'N Go") placed a call to Plaintiff's cellular telephone number on April 24, 2012.

13. At such time, Plaintiff spoke with a representative of Check 'N Go and explained that Check 'N Go had the wrong number and did not know anyone by the name of John Rogers.

14. After further conversation and questioning by Check 'N Go, Plaintiff demanded that Check 'N Go cease and desist from placing any and all further calls to Plaintiff's cellular telephone number.

15. Thereafter, upon information and good-faith belief, Check 'N Go placed the Debt with Axcess for the purpose of engaging in collections activity directed toward Plaintiff.

16. Despite Plaintiff's cease and desist demand, Axcess placed calls to Plaintiff's cellular telephone, including, but not limited to, calls placed on the following dates and times:

1) June 26, 2012 at 2:07 P.M.;
2) June 26, 2012 at 3:46 P.M.;
3) June 26, 2012 at 11:49 P.M.;
4) June 27, 2012 at 12:08 P.M.;
5) June 28, 2012 at 11:03 A.M.;
6) June 29, 2012 at 11:45 A.M.;
7) June 29, 2012 at 3:50 P.M.;
8) June 29, 2012 at 3:51 P.M.;
9) July 24, 2012 at 10:13 A.M.;
10) July 24, 2012 at 10:47 A.M.;
11) July 24, 2012 at 10:50 A.M.;
12) July 24, 2012 at 3:17 P.M.; and
13) July 24, 2012 at 4:35 P.M.

17. Plaintiff has repeatedly demanded that Axcess cease and desist from placing calls to Plaintiff's cellular telephone during several of the above-referenced calls.

18. On July 24, 2012 at 4:35 P.M., Plaintiff spoke with Axcess's agent and/or employee "Ryan."

19.     During the July 24, 2012 conversation, Plaintiff asked "Ryan" for a fax number that Plaintiff could use to fax over another cease and desist letter, and "Ryan" provided Plaintiff with fax number "513-793-0675."

20.     On July 24, 2012, Plaintiff faxed Axcess written communication, again demanding that Axcess cease and desist from placing any and all further telephone calls to Plaintiff. (See July 24, 2012 Cease & Desist Letter, attached hereto as Exhibit A).

21.     Despite Plaintiff's cease and desist demands, Axcess placed a call to Plaintiff on July 25, 2012 at 8:16 A.M.

22.     During the July 25, 2012 conversation, Plaintiff spoke with Axcess's agent and/or employee "Tiffany," and at such time, Plaintiff told "Tiffany" that she had faxed Axcess another cease and desist letter.

23.     During the July 25, 2012 telephone conversation, "Tiffany" told Plaintiff that the previous fax number provided to her was incorrect, and "Tiffany" provided Plaintiff with fax number "513-793-0674."

24.     On July 25, 2012, Plaintiff faxed Axcess written communication again demanding that Axcess and Check 'N Go cease and desist from placing any and all telephone calls to Plaintiff. (See July 25, 2012 Cease & Desist Letter, attached hereto as Exhibit B).

25.     Despite Plaintiff's cease and desist demands, Axcess placed calls to Plaintiff's cellular telephone, including, but not limited to, calls placed on the following dates and times:

    1) July 26, 2012 at 8:14 A.M.;
    2) July 26, 2012 at 8:16 A.M.;
    3) July 26, 2012 at 10:54 A.M.;
    4) July 26, 2012 at 2:03 P.M.; and
    5) July 26, 2012 at 3:52 P.M.

26. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

27. Defendants did not place any telephone calls to Plaintiff for emergency purposes.

28. Each and every telephone call Defendants placed to Plaintiff was made in connection with the collection of an alleged debt.

29. Defendants did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

30. Upon information and good-faith belief, Defendants placed the telephone calls identified above voluntarily.

31. Upon information and good-faith belief, Defendants placed the telephone calls identified above under their own free will.

32. Upon information and good-faith belief, Axcess maintains business records that show all calls Axcess placed to Plaintiff's cellular telephone number.

33. Upon information and good-faith belief, Check 'N Go maintains business records that show all calls Check 'N Go placed to Plaintiff's cellular telephone number.

34. Defendants' actions constitute conduct highly offensive to a reasonable person.

35. As a result of the above violations of law, Plaintiff suffered stress, anxiety, and mental anguish, and Defendants are liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(3)
## DEFENDANT AXCESS

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. Axcess violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff more than once, where Plaintiff did not request further communication, and where Axcess had no reason to believe that an earlier response of Plaintiff was erroneous or incomplete.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Axcess violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d
## DEFENDANT AXCESS

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Axcess violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including by calling Plaintiff when she had repeatedly told Axcess that they were calling the wrong number and that she had no information regarding the person it was attempting to reach.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Axcess violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)
## DEFENDANT AXCESS

40. Plaintiff repeats and re-alleges each and every factual allegation above.

41. Axcess violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Axcess violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.302(4)
## ALL DEFENDANTS

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. Axcess violated TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

44. Check 'N Go, by virtue of its status as a debt collector under the TDCA, is liable for the conduct of Axcess—the debt collector it retained to collect a debt on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated TEX. FIN. CODE § 392.302(4);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## ALL DEFENDANTS

45. Plaintiff repeats and re-alleges each and every factual allegation above.

46. Axcess violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a nonemergency telephone call to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

47. Check 'N Go is liable for the conduct of Axcess, as Axcess placed the violative calls on behalf of Check 'N Go. In re Rules Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendants from continuing their violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### TEX. BUS. & COM. CODE § 305.053
### ALL DEFENDANTS

48. Plaintiff repeats and re-alleges each and every factual allegation above.

49. Plaintiff received communications originated by Defendants that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the TCPA;

b) Enjoining Defendants from continuing their violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of October, 2012.

By: /s/ Joseph Panvini
Joseph Panvini
Southern District Bar # 1572837
jpanvini@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone: (888) 595-9111
Facsimile: (866) 565-1327

*Attorney for Plaintiff*
SHIRLEY PEEBLES